IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WARREN PASCHAL, JR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-29-CDL-AGH |
| | : | |
| Nurse DOMINIQUE BROWN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Plaintiff Warren Paschal, Jr., an inmate presently incarcerated in the Muscogee County Jail in Columbus, Georgia, has filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") in this action (ECF No. 3). As discussed below, however, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed IFP. Plaintiff's motion for leave to proceed IFP is therefore **DENIED,** and Plaintiff's Complaint shall be **DISMISSED without prejudice.**

## ANALYSIS

Plaintiff seeks leave to proceed without prepayment of the filing fee in this case. Federal law bars a prisoner from bringing a civil action in federal court IFP

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim.  *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike").  Once a prisoner incurs three strikes, his ability to proceed IFP in federal court is greatly limited: leave to proceed IFP may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database confirms that Plaintiff has filed numerous federal lawsuits (not including habeas petitions) and that at least three of his complaints or appeals that were filed *pro se* while he was incarcerated have been dismissed as frivolous, malicious, or for failure to state a claim.  *See, e.g.,* Order Dismissing Appeal, *Paschal v. Petty*, No. 22-13299 (11th Cir. May 19, 2023) (three-judge panel dismissing as frivolous); Order Dismissing Compl., *Paschal v. Petty*, ECF No. 28 in Case No. 4:22-cv-19-CDL-MSH (M.D. Ga. Sept. 19, 2022) (adopting recommendation to dismiss as abuse of judicial process for failing to disclose complete litigation history);[1] Order Dismissing Compl.,

---

[1] A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g).  *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007) (holding that dismissal of case for abuse of judicial process when plaintiff "lied under penalty of perjury about the existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the words 'frivolous' or 'malicious'").  In fact, a "dismissal for abuse of the judicial process is precisely the type of

2

*Paschal v. Walkman*, ECF No. 10 in Case No. 4:21-cv-213-CDL-MSH (M.D. Ga. June 7, 2022) (adopting recommendation to dismiss for failure to state a claim); *see also* Order Dismissing Compl., *Paschal v. Burden*, ECF No. 4 in Case No. 4:25-cv-31-CDL-AGH (M.D. Ga. Feb. 4, 2025) (dismissing pursuant to 28 U.S.C. § 1915(g)).  Plaintiff is accordingly barred from prosecuting this action IFP unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

"[T]he issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  "[G]eneral assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (quoting *Brown*, 387 F.3d at 1350)).  Complaints of past injuries are also not sufficient.  *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349.  "[G]eneralized references to being in danger or being subject to abuse . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger."

---

strike that Congress envisioned when drafting Section 1915(g)."  *Id*.  This case was also dismissed under § 1915(g) and for failure to exhaust, but the Court clearly stated that "Plaintiff's failure to disclose his other lawsuits results in an independent justification for dismissal of his claim."  ECF No. 27 at 9.

3

*Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, 2023 WL 11937262, at *3 (N.D. Fla. July 5, 2023).

The claims in Plaintiff's Complaint appear to arise from his current incarceration at the Muscogee County Jail. ECF No. 1 at 1. Plaintiff contends Defendant Brown, a nurse at the jail, "was negligent in performing her duty as a nurse" because "[s]he allowed [Plaintiff] to be constipated for 5 days." *Id.* Plaintiff is concerned that he might develop hemorrhoids as a result. *Id.*

These allegations do not indicate Plaintiff is in imminent danger of serious physical injury. Plaintiff was constipated for a relatively short period of time, he does not describe any symptoms that could show he was in imminent danger, and he does not allege that he actually developed hemorrhoids or suffered any other ill effects from the delay in his treatment. Thus, Plaintiff should not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

In accordance with the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE**. If

Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED** this 9th day of May, 2025.

                                                 S/Clay D. Land
                                                 CLAY D. LAND
                                                 U.S. DISTRICT COURT JUDGE
                                                 MIDDLE DISTRICT OF GEORGIA